Treat, C. J. This was an action of ejectment brought by Eankin against Curtenius and others, to recover the possession of a lot in the city of Peoria, covered by French Claim seventy. On the trial, the plaintiff introduced the following evidence: 1. A patent from the United States, dated December 11th, 1849. It recited, that claim seventy was entered in the report of the register of the Land Office at Edwardsville, made pursuant to the act of Congress of the 15th of May, 1820, “in the name of Louis Pensoneau under Augustine Laroche”; that Laroche was the settler within the purview of the act of Congress of the 3d of March, 1823; and it then proceeded to grant the lot, as surveyed under the 2d section of that act, to “the legal representatives of the said Augustine Laroche, and to their heirs.” 2. A deed for the lot from Laroche to Louis Pensoneau, junior, dated the 8th of May, 1819. 3. A deed for the same premises, from Harriet S. Pensoneau and Louis P. Pensoneau to the plaintiff, dated the 1st of May, 1849. 4. Proof that Louis Pensoneau, junior, died about the year 1825, leaving Harriet S. Pensoneau and Louis P. Pensoneau his only heirs at law. 5. A copy of the plat and survey of the French Claims in Peoria, approved 1st of September, 1840. The possession by the defendants was admitted. The defendants read in evidence the report of the register of the Land Office at Bdwardsville, of the 10th of November, 1820, in which the claim in question is thus described: “No. 70. Louis Pensoneau claims a lot in Peoria, bounded northwardly by a lot of Pierre Lavapieurdit Chamberlain, eastwardly by a street separating it from the Illinois River, southwardly by a cross street, and westwardly by a back street.” The Court then, ■at the instance of the defendants, excluded the whole of the evidence from the jury; and the plaintiff submitted to a nonsuit, with leave to move to set the same aside. He afterwards entered .a motion to set the nonsuit aside, which the Court denied, and he now assigns that decision for error. ' The judgment of the Circuit Court must be affirmed on two grounds. First. The evidence was properly excluded. The patent was obnoxious to the same objections, as the one relied on in the cases of Ballance v. McFadden, and Gray v. McFadden, ante. It was not issued to the real claimant of the lot, or to his legal representatives. Louis Pensoneau, the elder, was the sole •claimant; and he claimed the lot in his own right, and not as a representative of Laroche. The confirmation operated exclusively to his benefit, if to the benefit of any one; and the "patent should have been issued to him alone, or to his legal representatives. Laroche never claimed the lot, and, consequently, was not entitled to the patent. If Louis Pensoneau, the younger, claimed the lot by virtue of the conveyance from Laroche, he should have become a claimant before the register. The patent having been issued without authority of law, the evidence did not tend to prove title in the plaintiff, and was, therefore, rightfully excluded. Second. The refusal of the Court to set aside the nonsuit cannot be assigned for error. The motion was addressed to the discretion of the Court. The plaintiff voluntarily submitted to a nonsuit, and he cannot now complain that the Court refused to set it aside. He might, notwithstanding the ruling of the Court, have submitted the case to the jury. And not until a verdict was returned against him, and a judgment in bar entered thereon, could he call in question the decision of the Court excluding the evidence. Under our practice, the Court has no authority to nonsuit a plaintiff, or to instruct a jury to find against him, as in case of a nonsuit. If he suffers a nonsuit, it is purely vol-notary. Amos v. Sinnott, 4 Scammon, 440. And he cannot afterwards compel the Judge to sign a bill of exceptions. The People v. Browne, 3 Gilman, 87. By submitting to a nonsuit, he is precluded from prosecuting an appeal or writ of error, for the purpose of reviewing the decisions of the Court. Barnes v. Barber, 1 Gilman, 401. The case of Lombard v. Cheever, 3 Gilman, 469, was precisely such a case as this. The plaintiff, on the exclusion of certain evidence, suffered a nonsuit, under permission to move tb set it aside. The motion was afterwards made, and denied. This Court, after citing the case of Barnes v. Barber, said: “Nor does the fact, that the nonsuit was taken with leave to the plaintiff to move to set it aside, vary the result.” The judgment is affirmed. Judgment affirmed,.